character ceased when the judgment was extinguished by the sale. Both the judgment and the debt were extinguished in 1817, and there remained at Fisher's death in 1829 no debt which could attach as a lien to the house and lot. The sale made of the house and lot to Griffin by the sheriff was under a lien created on 29th May, 1816, the day when judgment was obtained.

Decree affirmed.

*Wales*, for petitioner.
*Hamilton*, contra.

---

## The PRESIDENT DIRECTORS & CO. of the FARMERS' BANK *vs.* JOHN REYNOLDS.

A fi fa. cannot issue on a judgment after the death of the deft. and a term elapsed without a previous sci fa.

Nor can an alias issue in such a case, founded on a previous fi. fa. vice comes where several terms have intervened without a continuance of the process.

JUDGMENT D. S. B.
Fi. fa. vice comes &c. alias fi. fa. returned levied on lands, &c. Inquiry held and not sufficient.

*Wales* and *Bayard* pro deft. obtained a rule to show cause why the inquisition in this case should not be set aside and the alias fi. fa. quashed. The judgment was entered on the 18th September, 1818, and a fi. fa. issued to December term 1819, which was marked vice comes non misit breve. No other execution process issued until after the May term 1834, when an alias fi. fa. was taken out returnable to the November term 1834, on which this inquisition was held. John Reynolds, the deft. in the judgment died on the 25th March, 1833.

*Read, Jr.* for plff. showed cause and insisted that a party had the right to sue out his alias fi. fa. at any time after execution process commenced, and without any scire facias even though a death should intervene; and he stated that this was the uniform and unquestioned practice of the bar in this county. After the first fi. fa. the party has the right to bring up his continuances by entries of vice comes on the record.

The deft.'s counsel said that after the death of the deft., or, at most, after one term had elapsed, the party could not issue a fi. fa. without a previous scire facias. The execution might perhaps be issued after the death of the party by relation to the previous term, but not after a term had gone by. It was also suggested that the first fi. fa. was not within the year and day from the date of the judgment. It was not dated, but bore test as of May term, 1819.

*The Court* said it was in time by relation; but they made the rule absolute on the other ground.

Rule absolute.

*Read, Jr.* for plff.
*Wales* and *R. H. Bayard*, for deft.